IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODOSVALDO C. POZO,

                                                      ORDER

              Plaintiff,

                                                3:07-cv-00597-jcs

    v.

J. HUIBREGTSE, PETER HUIBREGTSE
and CAPT. BROWN,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Because Judge Shabaz will be convalescing from shoulder surgery for a period of not less than sixty days beginning February 1, 2008, I have assumed administration of the cases previously assigned to him, including this one. A review of the file reveals that on October 31, 2007, Judge Shabaz granted plaintiff's request to proceed <u>in forma pauperis</u> and assessed an initial partial filing fee. Upon receipt of plaintiff's initial partial filing fee Judge Shabaz allowed plaintiff to proceed on his First Amendment claim that the defendants interfered with his outgoing mail. Unfortunately, neither the complaint or any other papers relating to this case should have been forwarded to Judge Shabaz for consideration, because plaintiff Pozo is listed on the Seventh Circuit's website as a restricted filer. In particular, in an order entered on April 11, 2007 in <u>Pozo v. Schneider</u>, Case No. 07-1762, the court of

1

appeals concluded that plaintiff Pozo was abusing the judicial process repeatedly filing habeas corpus petitions in the district court and requests to file successive petitions in the court of appeals on matters that had already been decided. It held:

> Pozo is fined $500.00. Until he pays that sum in full to the clerk of this court, he is barred from filing further civil suits in the courts of this circuit, in accordance with Support Systems International v. Mack, 45 F. 3d 185 (7th Cir. 1995), and any papers he submits attacking his current criminal judgment and any future collateral attacks or applications for leave to file collateral attacks will be deemed denied on the 30th day unless the court otherwise orders.

Thus, when he submitted his civil complaint in this court for filing, plaintiff was in violation of the court of appeals' April 11, 2007 order, and his papers should have been returned to him. Therefore, this case will be dismissed on the court's own motion. That leaves the question whether plaintiff remains obligated to pay the fee for filing this case and whether he should be sanctioned for his conduct.

Enforcement of the filing bar in Mack has been delegated to clerks of courts. In Mack, the court of appeals put on the clerks' shoulders the responsibility to "return unfiled any papers that the litigant attempts to file, unless and until he pays in full the sanctions that have been imposed against him." Support Systems International v. Mack, 45 F.3d at 186. The court allowed two tiny exceptions only. If the filing is a paper in a criminal case in which the person is a defendant or an application for a writ of habeas corpus, the clerk may file it. Id. (However, as plaintiff Pozo learned when he abused the courts with his

2

repeated writs of habeas corpus, even these exceptions may be revoked.)  In addition, I have ruled previously that the clerk may accept for filing from a person subject to a Mack order a civil suit alleging imminent danger of serious physical injury.  Dallas v. Gamble, 448 F. Supp. 2d 1020 (W.D. Wis. 2006).  Plaintiff's civil lawsuit alleging interference with his mail and denial of access to the courts did not fit within any of the exceptions and should not have been filed.

In Dallas, I suggested that if a clerk of court fails to return to a person subject to a Mack order a proposed new civil lawsuit and instead files the suit in error, the litigant does not owe a filing fee for the improvident filing.  Id. at 1023-1024.  However, I have reconsidered this position and believe it is inconsistent with the Prison Litigation Reform Act.  Under the Act, every prisoner who files a lawsuit is obligated to pay the fee for filing his or her action.  There is no exception in the statute for filings filed in error by the clerk. Therefore, plaintiff Pozo remains obligated to pay the remainder of the fee for filing his case.

Moreover, additional sanctions appear warranted.  A litigant who, like plaintiff Pozo, blatantly disregards his restricted filing status and escapes detection at the door should be held accountable for his actions.  A monetary sanction in the amount of $150 may serve to deter him and any other prisoner tempted to disregard federal court orders from doing so.

I note that a district court will abuse its discretion if it imposes sanctions on its own initiative without first giving the party notice of the specific conduct for which it is

3

contemplating sanctions and an opportunity to show cause why sanctions should not be imposed. Johnson v. Cherry, 422 F.3d 540, 551 (7th Cir. 2005). In this order, I am putting plaintiff on notice of the specific conduct for which he is potentially subject to sanctions.

ORDER

IT IS ORDERED that

1. The October 31, 2007 order granting plaintiff's request to proceed in forma pauperis is VACATED and this case is DISMISSED in its entirety.

2. Plaintiff remains obligated to pay the remainder of the $350.00 fee for filing this complaint.

3. Plaintiff may have until February 19, 2008, in which to show cause why he should not be sanctioned in the amount of $150 for his failure to disclose to this court his restricted filer status. If, by February 19, 2008, plaintiff fails to respond to this order, I will impose a sanction of $150 on plaintiff, which must be paid to this court before he will be allowed

4

to file any further action in this court, unless the action alleges imminent danger of serious physical harm.

Entered this 8th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5