IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODOSVALDO C. POZO,

                ORDER

          Plaintiff,

                3:07-cv-00597-jcs

      v.

J. HUIBREGTSE, PETER HUIBREGTSE
and CAPT. BROWN,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Rodosvlado Pozo has asked for reconsideration of this court's order of February 8, 2008, dismissing this case as having been improvidently filed in light of plaintiff's restricted filer status in the Seventh Circuit, and directing plaintiff to show cause why a sanction of $150 should not be imposed upon him for his failure to disclose his restricted filer status to the court.  I construe plaintiff's motion as his response to the order to show cause.

Plaintiff argues that the order issued by the Court of Appeals for the Seventh Circuit on April 11, 2007 forecloses him from filing habeas corpus actions until he pays a $500 fine, but that it does not restrict him from filing lawsuits under 42 U.S.C. § 1983.  In addition, he argues that his restricted filer status extends to the court of appeals only, and not to

1

district courts in the circuit.  He is mistaken on both counts.  To quote directly from the

court of appeals' decision:

> Pozo is fined $500.00.  Until he pays that sum in full to the clerk of this
> court, he is barred from filing *further civil suits* in *the courts of this circuit*, in
> accordance with <u>Support Systems International v. Mack</u>, 45 F. 3d 185 (7th
> Cir. 1995), and any papers he submits attacking his current criminal judgment
> and any future collateral attacks or applications for leave to file collateral
> attacks will be deemed denied on the 30th day unless the court otherwise
> orders.  (Emphasis added.)

The order does not say plaintiff is barred from filing further habeas corpus actions or that

the bar relates to filings in the court of appeals only.  To the contrary, the order states

expressly that plaintiff is barred from filing "further civil suits" and the bar pertains to the

"courts" (note the plural) of the Seventh Circuit.  An action under 42 U.S.C. § 1983 is a civil

suit and the District Court for the Western District of Wisconsin is one of the "courts" of

the Seventh Circuit.  If plaintiff believes the court of appeals should modify its order to state

expressly that he is precluded from filing habeas corpus actions only, or that he is precluded

from filing papers in the court of appeals only, he is free to write to that court to obtain an

order clarifying his restricted filer status.  Until then, I am unpersuaded that this court has

read the April 11 order too expansively or that plaintiff seriously believed himself to be

restricted so narrowly.

Plaintiff makes one other comment that is confusing at best.  He asks to know "the

3 civil 'lawsuits' in which Pozo has incurred the 3 strikes under the exist [sic] law established

2

by Congress [in] 28 U.S.C. § 1915(g)," suggesting that he believes his three-strike status had something to do with this court's order dismissing his case and requiring him to show cause why he should not be sanctioned. It does not. Nevertheless, I will accommodate plaintiff. In George v. Smith, 507 F.3d 605 (7th Cir. 2007), the Court of Appeals for the Seventh Circuit ruled that a prisoner earns a strike when any case or any claim within a case is dismissed on the ground that it is legally frivolous or malicious or fails to state a claim upon which relief may be granted. Although in some instances courts may advise a prisoner when it is recording a strike against him, such formal documentation that a strike has occurred is not a requirement under § 1915(g). So long as it is apparent from an order that a case or claim is being dismissed for one of the reasons recognized in § 1915(g), a strike is counted against the prisoner.

Plaintiff was advised formally that a strike was being recorded against him in Hashim a/k/a Tiggs v. Berge, 01-cv-314-bbc (decided Sept. 24, 2001). Now, in light of George, it appears two additional strikes must be counted against him, so he has struck out. He earned a second strike in Pozo v. Sawinski , 06-cv-206-jcs (decided May 5, 2006), when Judge Shabaz dismissed several defendants from the action for plaintiff's failure to state a claim against them. He earned a third strike in this case when, on November 19, 2007, Judge Shabaz dismissed his due process claims for failure to state a claim on which relief may be granted. Thus, in addition to being barred from filing further civil actions in the courts of

3

this circuit until he pays the fines imposed by the court of appeals and this court, he may not

seek pauper status in order to pursue any future civil action (not counting habeas corpus

actions) unless the complaint alleges that he is in imminent danger of serious physical injury.


ORDER

Plaintiff having failed to show cause why sanctions should not be imposed upon him,

IT IS ORDERED that plaintiff pay a sanction in the amount of $150 for his failure to

disclose his restricted filer status to this court.  Until plaintiff pays this fine in addition to

the fine imposed by the Court of Appeals for the Seventh Circuit in its April 11, 2007 order,

he will not be allowed to file any further civil actions in this court, unless the action alleges

imminent danger of serious physical harm.

Entered this 19th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4