IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODOSVALDO C. POZO,

                                        ORDER

        Plaintiff,

                                    3:07-cv-00597-jcs

    v.

J. HUIBREGTSE, PETER HUIBREGTSE
and CAPT. BROWN,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        On February 19, 2008, I dismissed this case as having been filed in violation of the order restricting plaintiff's filings in the federal courts until he pays a $500 fine imposed upon him by the Seventh Circuit Court of Appeals on April 11, 2007.  In addition, I imposed another $150 fine on plaintiff for his failure to disclose his restricted filer status to this court.  Now plaintiff has filed a notice of appeal from the February 19 order.  He has not paid the $455 fee for filing his appeal, so I construe his notice as including a request for leave to proceed in forma pauperis on appeal.

        To start, I note that neither the April 11, 2007 order issued by the court or appeals nor this court's February 19 order bars plaintiff from filing a notice of appeal until he pays his sanctions.  Therefore, I am not returning the notice of appeal to plaintiff.  However, I

1

must deny plaintiff's request for leave to proceed in forma pauperis on appeal because he has struck out and, therefore, is not eligible for pauper status on appeal. As I told plaintiff in the February 19 order, a strike was recorded against him in Hashim a/k/a Tiggs v. Berge, 01-cv-314-bbc (decided Sept. 24, 2001). In addition, in light of George v. Smith, 507 F.3d 605 (7th Cir. 2007), he has accrued two additional strikes. He earned a second strike in Pozo v. Sawinski, 06-cv-206-jcs (decided May 5, 2006), when Judge Shabaz dismissed several defendants from the action for his failure to state a claim upon which relief may be granted. He earned a third strike in this case when, on November 19, 2007, Judge Shabaz dismissed his due process claims for failure to state a claim upon which relief may be granted.

Because plaintiff has accumulated three strikes, so long as he is incarcerated he cannot file any new lawsuit or an appeal without prepaying the filing fee unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has not made the required showing of imminent danger of a serious physical injury in this case. (His lawsuit challenged defendants' alleged interference with his mail.) Therefore, he cannot take advantage of the initial partial payment provision of § 1915. He owes the $455 fee in full immediately. He may delay payment for two reasons only: 1) his complete destitution; or 2) if he challenges in the court of appeals within thirty days of the date he receives this order the decision to deny his request for leave to proceed in forma pauperis on appeal

2

because of his § 1915(g) status. Fed. R. App. P. 24(a)(5).  If the court of appeals decides that it was improper to deny plaintiff's request for leave to proceed in forma pauperis because of his three-strike status, then the matter will be remanded to this court for a determination whether plaintiff's appeal is taken in good faith.  If the court of appeals determines that this court was correct in concluding that § 1915(g) bars plaintiff from taking his appeal in forma pauperis, the $455 filing fee payment will be due in full immediately. Whatever the scenario, plaintiff is responsible for insuring that the required sum is remitted to the court at the appropriate time.  Also, whether the court of appeals allows plaintiff to pay the fee in installments or agrees with this court that he owes it immediately, plaintiff's obligation to pay the $455 fee for filing his appeal will be entered into this court's financial records so that it may be collected as required by the Prison Litigation Reform Act.

ORDER

IT IS ORDERED that plaintiff's request for leave to proceed in forma pauperis on appeal is DENIED because three strikes have been recorded against him under 28 U.S.C. § 1915(g).  Further, IT IS ORDERED that the clerk of court insure that plaintiff's obligation

3

to pay the $455 is reflected in this court's financial records.

Entered this 11th day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge