IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODOSVALDO C. POZO,

                                      MEMORANDUM

        Plaintiff,

                                      3:07-cv-00597-jcs

    v.

J. HUIBREGTSE, PETER HUIBREGTSE
and CAPT. BROWN,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        On February 19, 2008, I dismissed this case as having been filed in violation of the April 11, 2007 order issued by the Court of Appeals for the Seventh Circuit restricting plaintiff's filing of "further civil suits in the courts of this circuit" until he pays a $500 fine. In addition, I imposed another $150 fine on plaintiff for his failure to disclose his restricted filer status to this court. On February 25, 2008, plaintiff filed a notice of appeal from the February 19 order. The notice did not include a request for leave to proceed on appeal in forma pauperis. Nevertheless, I construed the notice to include such a request and denied it in an order dated March 11, 2008 on the ground that plaintiff has struck out under § 1915(g) and therefore is not eligible for pauper status on appeal.

        Now plaintiff has written a letter in which he states that he would like to know why

1

he hasn't received "the compiled record for this civil case" because he needs it "to file [his] appeal" with the court of appeals.  This letter is perplexing.  Plaintiff does not suggest that he has challenged in the court of appeals this court's decision to deny him leave to proceed in forma pauperis with his appeal as Fed. R. App. P. 24 allows.  Until he obtains permission to proceed with his appeal, the court of appeals is not likely to ask to review the record of the case.  If plaintiff does obtain permission from the court of appeals to proceed with his appeal, it will ask this court to forward the record in this case to it.  There is no reason for this court to send the record to plaintiff.  To the extent plaintiff needs the record in order to prosecute an appeal, he should already have his own copy.

      Entered this 10th day of April, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

2